UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE J. GUIDRY, SR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **AIRGAS USA, LLC AND XYZ INSURANCE COMPANY** | **MAGISTRATE** |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Airgas USA, LLC, who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of this Honorable Court.

I.

On or about December 5, 2022, Plaintiff, Jessie J. Guidry, Sr., filed a personal injury lawsuit against Airgas USA, LLC and XYZ Insurance Company in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Docket Number 195341, Division D, entitled, "Jessie J. Guidry Sr. versus Airgas USA, LLC and XYZ Insurance Company," (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from a slip and fall incident, which occurred on or about December 8, 2021 in Houma, Louisiana.

I.   **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

1

A.     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Jessie Guidry, Sr., alleges that he sustained severe injuries and is seeking damages including past, present and future: physical pain and suffering, mental anguish, diminished capacity to enjoy life, permanent disability, lost wages and earning capacity, and medical expenses. (*See* Exhibit A, at ¶ 3 & 8).

V.

Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000 each, exclusive of interest and costs as required by La. C.C.P. art. 893, nor has he averred or offered a binding stipulation that he affirmatively renounces the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On May 4, 2023, counsel for Defendants requested that Plaintiff execute a binding and irrevocable stipulation that the total amount of damages claimed by him in connection with the

above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs in order to preclude removal to this court. Plaintiff's counsel responded on May 8, 2023 indicating that they could not sign the stipulation (Attached as Exhibit "B" *in globo*). Plaintiff's refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc*. No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

VII.

On or about March 30, 2023, Plaintiff provided Responses to Requests for Admission propounded by Defendant and failed to comment as to whether his damages exceed $75,000, exclusive of interest and costs, stating as follows:

**REQUEST FOR ADMISSION NO. 2:**

Your damages exceed seventy-five thousand ($75,000) dollars, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to RFA No. 2 on the basis of prematurity as Plaintiff's medical treatment is ongoing. (See attached Exhibit "C").

VIII.

Plaintiff's counsel provided some of his medical records and bills concerning his post-accident treatment on or about April 21, 2023 (See attached Exhibit "D"). The records reveal that Jessie Guidry Sr. was transported via Acadian Ambulance on the day of the subject incident, December 8, 2021, to Leonard Chabert Medical Center. He then sought treatment at Lady of the

Sea General Hospital on November 2, 2022 for chronic back pain that radiated to the right and left lower extremity. He appeared for x-rays at West Jefferson Medical Center on November 4, 2022. He underwent a lumbar and cervical spine MRI on December 3, 2022, which revealed multilevel lumbar spondylosis with severe thecal sac narrowing at L2-3, severe left neural foraminal narrowing at L3-4 with impingement of the exiting left L3 nerve root, multilevel cervical spondylosis with severe thecal sac narrowing and spinal cord myelomalacia at C6-7, and extensive multilevel severe neural foraminal narrowing (Attached as Exhibit E).

IX.

Jessie Guidry, Sr. then appeared to have been scheduled for cervical surgery with Dr. Gabriel Tender for March 30, 2023 according to a surgical information packet provided by WJMC Neurosurgery Clinic (Attached as Exhibit F). He appeared for pre-op testing at West Jefferson Medical Center on March 24, 2023 at Dr. Gabriel Tender's referral (Attached as Exhibit G).

X.

Upon information and belief, to date, Jessie Guidry Sr. has incurred medical expenses totaling $16,312.76 itemized as: $1,630.81 from Acadian Ambulance; $1,665.00 from Leonard Chabert Medical Center; $840.95 from Lady of the Sea General Hospital; and $12,176 from West Jefferson Medical Center (Attached as Exhibit H, *in globo*). Please note that Defendant has yet to receive records for Mr. Guidry's treatment with Dr. Tender or a full accounting of his incurred medical expenses.

XI.

Spine injuries vary by severity, though they often exceed $75,000.00 *See, e.g. Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) (automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000 general damage award); *Keller v. City of Plaquemine*,

4

700 So.2d 1285 (La. App. 1 Cir. 9/23/97) (disc herniation, persistent pain, surgery unlikely, $125,000 award); *Hoyt v. Gray Insurance Company*, 809 So.2d 1076 (La. App. 4 Cir. 2002) (mild lumbar disc herniation, thoracic spine soft tissue injury, $150,000 general damage award).

XII.

Defendant has conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

**B.     COMPLETE DIVERSITY EXISTS**

XIII.

Defendant, Airgas USA, LLC, has only one owner/member, Airgas, Inc., which was incorporated in the State of Delaware and has its principal place of business in the State of Pennsylvania. Therefore, Airgas USA, LLC is a citizen of the States of Delaware and Pennsylvania for purposes of diversity.

XIV.

Defendant, XYZ Insurance Company, is a fictional name created by Plaintiff to serve as a placeholder for an insurance company that may have issued a policy of liability insurance to Airgas USA, LLC. The court can disregard a party sued under a fictitious name (e.g., a "John Doe" defendant) whose name and citizenship are unknown. 28 USC 1441(b)(1); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

XV.

Based on the information in the introductory paragraph of the Petition for Damages, Plaintiff, Jessie Guidry, Sr., is a person of the full age of majority and is domiciled in Lafourche Parish, Louisiana, and therefore is a citizen of the State of Louisiana for purposes of diversity.

XVI.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XVII.

Service of citation and a copy of the Petition for Damages were requested on Defendant, Airgas USA, LLC, which was served through its registered agent, CT Corporation System, on or about December 21, 2022.

XVIII.

Service of citation and a copy of the Petition for Damages were not requested on any other Defendant, since XYZ Insurance Company is a fictional name created by Plaintiff. The court can disregard a party sued under a fictitious name (e.g., a "John Doe" defendant) whose name and citizenship are unknown. 28 USC 1441(b)(1); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).

XIX.

The Notice of Removal was properly filed within thirty (30) days of Defendant's receipt of a paper from which it could first ascertain that the case is removable, namely the April 21, 2021 production of Plaintiff's medical records. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

XX.

There is no other party needed to consent to the removal of this case.

XXI.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

XXII.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

XXIII.

No previous application has been made for the relief requested herein.

XXIV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXV.

Defendant is entitled to and requests a trial by jury on all issues herein.

**WHEREFORE**, Defendant, Airgas USA, LLC, prays that the action entitled, "*Jessie J. Guidry Sr. v. Airgas USA, LLC and XYZ Insurance Company*," bearing Docket 195341, Division D, and pending in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, be removed from the state court docket to the United State District Court for the Eastern District of Louisiana.

*PERRIER & LACOSTE, LLC*

*s/ Patrick R. Schmidt*

**GUY D. PERRIER, #20323**
**PATRICK R. SCHMIDT, #37861**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820
Fax: (504) 212-8825
gperrier@perrierlacoste.com
pschmidt@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT,**
**Airgas USA, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 10th day of May, 2023, at their last known address of record.

*s/ Patrick R. Schmidt*

**PATRICK R. SCHMIDT**